IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARRELL EUGENE BANKS, #23612-058**                                                **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO.  3:14-cv-951-DPJ-FKB**

**UNKNOWN MOSLEY, Warden**                                                **RESPONDENT**

<u>ORDER OF DISMISSAL</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Darrell Eugene Banks is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  He filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  After reviewing the Petition [1] and Memorandum in Support [3], in conjunction with the relevant legal authority, the Court concludes that Banks's petition should be dismissed as frivolous.

**I.      Background**

In 2010, in the United States District Court for the Western District of North Carolina, Banks pleaded guilty to three counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1) and one count of possession of an unregistered shotgun with a barrel less than 18 inches, in violation of 26 U.S.C. §§ 5861(d) and 5845.  *United States v. Banks*, Crim. Action No. 1:09-cr-52 (W.D. N.C. July 16, 2010).  As a result of Banks's plea agreement, the following offenses were dismissed on motion of the United States:  bank robbery by force or violence, in violation of 18 U.S.C. § 2113 (a); assault with a deadly weapon during bank robbery, in violation of 18 U.S.C. § 2113 (d); and possession of a

firearm during and in the furtherance of a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii).

The court sentenced Banks to serve 108 months in prison and three years of supervised release. *Id*. The Fourth Circuit Court of Appeals affirmed these convictions and sentences. *United States v. Banks*, 442 F. App'x 759, 762 (4th Cir. 2011). On January 6, 2014, the sentencing court denied Banks's motion to vacate, set aside, or correct a sentence filed under 28 U.S.C. § 2255. *Banks v. United States*, Civ. Action No. 1:12-cv-166, 2014 WL 31795 (W.D. N.C. Jan. 6, 2014). Banks again appealed, but the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Banks*, No. 14-6122, 578 F. App'x 207 (4th Cir. July 9, 2014).

In this petition, Banks claims that he is entitled to habeas relief because "he is actually innocent of all the charges of the indictment." Mem. in Supp. [3] at 2. He sets forth three grounds for relief. First, he claims he is innocent of being a felon in possession of a firearm because his prior state convictions for financial card fraud and financial card theft are no longer deemed to be felonies under *United States v. Simmons*, 649 F.3d 247 (4th Cir. 2011) (en banc). Pet. [1] at 3-4. Banks thus reasons that he was not a felon at the time he possessed the firearms. Second, Banks claims he was not sufficiently informed of the elements required to be guilty of possessing an unregistered short-barreled shotgun and there is insufficient evidence to sustain this conviction. *Id*. Lastly, Banks argues that he is innocent of the dismissed bank robbery charges, which resulted in application of an increased sentencing guideline range, but that the terms of his plea agreement prevented him from asserting his

innocence.  Regarding this last ground, Banks also claims errors, mistakes, and misrepresentations by his counsel and the prosecutor are responsible for this interpretation of the plea agreement and ultimately for the length of his sentence.  *Id*. at 5.  Banks asks the Court to vacate his convictions and sentences, remand his case for a new trial, conduct an evidentiary hearing, and order his "immediate release pending rehearing."  *Id.* at 6.

**II.     Analysis**

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to  28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated.  *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court.  *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990))("[T]he primary means of collateral attack on a federal sentence" is a § 2255 motion.).  If a prisoner is challenging errors that "occurred during or before sentencing" his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted).  Furthermore, a habeas petition under § 2241 is not a substitute for a motion under § 2255.  *Pack*, 218 F.3d at 452 (citations omitted).

There is, however, an exception to this rule.  "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241."  *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the "inadequate or ineffective" requirement, an inmate "must show that (1)

his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Since Banks is challenging the validity of his convictions and sentences, he may not pursue these claims in a § 2241 petition unless he can meet the requirements of the savings clause. Banks first claims that he is actually innocent of the § 922(g) felon-in-possession convictions under *United States v. Simmons*. But he fully litigated this claim in his § 2255 motion and the sentencing court determined he was not entitled to relief. *Banks v. United States*, Civ. Action No. 1:12-cv-166, 2014 WL 31795, at *9-10, *13-14 (W.D. N.C. Jan. 6, 2014). Likewise, the sentencing court considered Banks's claim that there was insufficient evidence to sustain his conviction for possessing an unregistered short-barreled shotgun and determined that he was not entitled to relief. *Id.* at *10-11. This prior unsuccessful § 2255 motion does not entitle Banks to proceed with the same claims in a § 2241 petition. *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000) (holding relief is not available in a § 2241 petition under the savings clause based on grounds previously denied in a § 2255 motion).

As to Banks's remaining claims for relief, he also fails to demonstrate that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. His claims are

not "based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense" nor were they "foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson*, 305 F.3d at 347. Banks bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy in order to proceed with his claims in a § 2241 petition. *Jeffers,* 253 F.3d at 830. He fails to meet this burden. Therefore, Banks is not entitled to habeas relief under § 2241.

**III.   Conclusion**

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas relief pursuant to § 2241 is dismissed as frivolous. *See Ojo vs. INS,* 106 F.3d 680, 683 (5th Cir.1997) (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the Petition can be construed as a § 2255 motion it shall be dismissed for lack of jurisdiction. *Pack,* 218 F.3d at 454. A Final Judgment in accordance with this Order of Dismissal shall be issued.[1]

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).