IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DARRELL EUGENE BANKS, #23612-058**                              **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO.  3:14-cv-951-DPJ-FKB**

**UNKNOWN MOSLEY, Warden**                              **RESPONDENT**

## ORDER

This habeas corpus case is before the Court on the motion [7] of Petitioner Darrell Eugene Banks, proceeding *pro se*, for reconsideration of the Court's Order of Dismissal [5] and Final Judgment [6]. The Court, having considered Petitioner's motion in light of the applicable authority, finds Petitioner's motion should be denied.

I.      Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

II.     Analysis

Petitioner argues that he should be allowed to proceed with his sentence-validity claims by way of § 2241 because he meets the requirements of the savings clause of § 2255.  *See Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) ("Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241.").  Petitioner is asking the Court to reconsider the dismissal of this case and "take the jurisdiction given to it by [ ] 28 U.S.C. § 2241" and "send the case back to the [sentencing] court for a hearing that is directed in *United States v. Bousley*, 523 U.S. 614, 624 (1998)." Mot. [7] at 6-7.

In the Order of Dismissal [5], the Court considered the applicability of the savings clause to Petitioner's claims and determined that he did not meet the stringent requirements necessary to proceed with his claims in a habeas petition pursuant to § 2241.  Petitioner does not assert any arguments that he did not already raise in his Petition or that were not available to him at the time of filing his Petition.  Therefore, Petitioner fails to satisfy the requirements for obtaining relief under Rule 59(e).

III.    Conclusion

The Court has considered the pleadings and applicable law.  For the foregoing reasons, Petitioner's Motion [7] for Reconsideration is denied.

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2015.

                         s/ *Daniel P. Jordan III*
                         UNITED STATES DISTRICT JUDGE